IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LATOYA WILLIAMS**                                                                                      **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:24-cv-00079-DCB-LGI**

**POLICE OFFICER RICHARD LENT, et al.**                                              **DEFENDANTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the *Motion for Leave to Proceed In Forma Pauperis* [2] filed by *pro se* Plaintiff Latoya Williams. After consideration of the record, relevant legal authority, and Plaintiff's submissions, the undersigned recommends that the IFP Motion [2] be denied and that Plaintiff be ordered to pay the filing fee in this case.

In making the *in forma pauperis* ("IFP") determination, the Court may consider the total monetary resources available to assist a party, usually Plaintiff. "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See McDaniel v. City of Hattiesburg Police Dep't*, No. 2:21-cv-24-KS-MTP, 2021 U.S. Dist. LEXIS 118625, 2021 WL 260459 (S.D. Miss May 6, 2021); (*citing Barnes v. Secretary, Dept. of Treasury*, No. 3:10-cv-477-HTW-LRA, 2010 U.S. Dist. LEXIS 112349, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010).

The Court must examine the applicant's financial condition to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140

(5th Cir. 1988). "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, No. 1:09-cv-272-HSO-JMR, 2009 U.S. Dist. LEXIS 102760, 2009 WL 3431457 (S.D. Miss. Oct. 23, 2009). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Id.* (citing *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969)).

Plaintiff submitted a Long Form Application to Proceed in District Court Without Prepaying Fees, wherein she left each inquiry blank. Doc. [2]. Williams did not provide information of her personal income, expenses, or assets. However, she did handwrite the following note on the bottom of the form, "I will be proceeding with my attorney and pay the lawsuit at that time." *Id.* at 2. A review of the docket reveals that Plaintiff is still proceeding *pro se*, and as of this date no attorney has entered an appearance on her behalf.

Upon consideration of the IFP Application, the Court determines that Plaintiff has provided no substantive financial information and has indicated her intent to pay the filing fee in this matter. Thus, the Court has no financial information to determine Plaintiff's eligibility for *in forma pauperis* status. Under these circumstances, Plaintiff should not be permitted to proceed at taxpayer expense. Further, based on her own representation, Plaintiff intends to handle the filing fee on her own.

The Motion to Proceed *in Forma Pauperis* [2] should be denied for failure to provide sufficient information. Although Plaintiff submitted the correct Long Form Application to Proceed in District Court Without Prepaying Fees, she provided no substantive financial information, such as her employment history, bank accounts, and assets. Such information is required by this Court, as such enables the Court to review and determine an applicant's financial

circumstances. *See* Long Form Application to Proceed in District Court Without Prepaying Fees or Costs (AO 239).[1]

The Court finds that the information provided is insufficient to properly examine Plaintiff's financial condition. The Court must examine the applicant's financial condition to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, No. 1:09-cv-272-HSO-JMR, 2009 U.S. Dist. LEXIS 102760, 2009 WL 3431457 (S.D. Miss. Oct. 23, 2009). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Id.* (citing *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969)). Plaintiff's *Motion for Leave to Proceed in Forma Pauperis* [2] should be denied.

## RECOMMENDATION

Based on the above, the undersigned recommends that:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [2] be DENIED.
2. Plaintiff be given thirty (30) days to pay all costs associated with the filing of this lawsuit.
3. Should Plaintiff fail to timely pay all costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy

---

[1] This Court requires that a plaintiff or petitioner file with the Court the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form AO 239) and also answer certain financial questions under penalty of perjury. *See* https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or.

to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, , except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      **SO ORDERED** this the 3rd day of March 2025.

                                                    /s/ LaKeysha Greer Isaac
                                              UNITED STATES MAGISTRATE JUDGE