IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LATOYA WILLIAMS                                                PLAINTIFF

V.                              CIVIL ACTION NO. 5:24-cv-79-DCB-LGI

POLICE OFFICER RICHARD LENT, et al.                           DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Isaac's Report and Recommendation ("Report") [ECF No. 3], concerning Plaintiff Latoya Williams's Motion for Leave to Proceed In Forma Pauperis. [ECF No. 2]. The Report was entered on March 3, 2025, and objections to it were due by March 17, 2025. Ms. Williams filed an objection to the Report [ECF No. 4] on March 18, 2025, which the Court will address briefly.

After consideration of the record, relevant legal authority, and Plaintiff's submissions, Judge Isaac recommends that the Court deny Plaintiff's motion to proceed in forma pauperis ("IFP"). Judge Isaac explains that when a civil litigant asks to proceed IFP, the Court must examine the applicant's financial condition to determine whether the payment of fees would cause an undue financial hardship. [ECF No. 3] at 1 (citing Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988). "There is authority for the proposition that the privilege of proceeding in forma pauperis in civil actions for damages should

be allowed only in exceptional circumstances." Williams v. Beau Rivage, No. 1:09-cv-272-HSO-JMR, 2009 U.S. Dist. LEXIS 102760, 2009 WL 3431457 (S.D. Miss. Oct. 23, 2009). "The granting or denying of in forma pauperis proceedings of a civil nature is left to the sound discretion of the District Court." Id. (citing Willard v. United States, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969)).

Judge Isaac explains that Plaintiff submitted a Long Form Application to Proceed in District Court Without Prepaying Fees in which she left each inquiry blank. Id. at 2; [ECF No. 2]. Plaintiff left a note at the bottom of the form that reads "I will be proceeding with my attorney and pay the lawsuit at that time." [ECF No. 2] at 2. However, Plaintiff has continued to proceed pro se and has filed with the Court a signed document consenting and registering to receive documents electronically as a pro-se litigant. [ECF No. 5]. Because Plaintiff has failed to provide information for the Court to determine whether she is entitled to proceed IFP, Judge Isaac recommends that the Court (1) deny Ms. Williams's motion to proceed IFP; (2) give Ms. Williams thirty (30) days to pay all costs associated with the filing of this lawsuit; and (3) that if Plaintiff should fail to timely pay all costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

The Court now addresses Ms. Williams's objection, which was filed one day after the deadline. Ms. Williams explains that she does not want her case dismissed, and that she is in the process of paying all fees and submitting requested documents. [ECF No. 4]. Because the Court is not considering dismissal of her case at this point, her objection to dismissal does not address the content of the Report currently before the Court. Furthermore, she states that she is in the process of "paying all fees," and does not mention any objection to the Court denying her motion to proceed IFP.

Because Plaintiff does not object to the content of the Report, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Accordingly, the Court agrees with Judge Isaac's recommendation. The Report [ECF No. 3] is hereby ADOPTED and Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2] is DENIED.

Furthermore, the Court ORDERS that Ms. Williams has thirty (30) days from the date of this order to pay all costs associated with the filing of this lawsuit, and if she should fail to timely pay all costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

SO ORDERED, this 1st day of April, 2025.

                                               /s/ David Bramlette
                                        DAVID C. BRAMLETTE III
                                        UNITED STATES DISTRICT JUDGE